PEOPLE *v.* BERGER.

**1. FOOD—MISBRANDING—BULK SALE.**

The sale of food items in bulk form and the subsequent packaging thereof for the convenience of the purchaser is not a sale in package form within the meaning of the statute providing that a food item sold in package form shall be deemed misbranded if the "container does not bear the true net weight, excluding the wrapper or container, which shall be stated in terms of pounds, ounces and grains, or pounds and decimals or fractions thereof" (CL 1948, § 289.83a, as amended by PA 1963, No 232).

**2. SAME—MISBRANDING—BULK SALE.**

The packaging provisions of the statute relating to the misbranding of foods have no application to a sale in bulk of an unpackaged item, and the division of the item into packages after sale, since the subsequent packaging does not convert the sale into a package sale within the meaning of the statute (CL 1948, § 289.83a, as amended by PA 1963, No 232).

**3. SAME—MISBRANDING—INSTALLMENT PAYMENT—BULK SALE.**

The installment payment of the total purchase price for food purchased in bulk has no effect on the nature of the sale, and does not convert a single sale into a series of sales.

**4. SAME—MISBRANDING—BULK SALE.**

Defendant's conviction for selling misbranded food in package form *held*, error, where based upon defendant's sale, in bulk, of a large volume of food items, and the subsequent packaging thereof for the convenience of the customer who paid the purchase price in installments, since the subsequent packaging of such food for the convenience of the customer did not convert the bulk sale into a sale in package form, and installment payment of the total purchase price did not convert the sale into a series of sales (CL 1948, §§ 289.81, 289.83a, as amended by PA 1963, No 232).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 56 Am Jur, Weights, Measures, and Labels §§ 66, 82.

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted Division 1 April 3, 1967, at Detroit. (Docket No. 779.) Decided October 16, 1967.

Julius Berger was convicted of selling misbranded food. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Gerald L. Portney,* for defendant.

T. G. Kavanagh, P. J. Defendant, doing business as Warren Freezer Food Company is engaged in selling food in large quantities to consumers. In October, 1963, one Vernon Pontius agreed to purchase from defendant a large volume of food items. Since vendee did not have a freezer, defendant rented him a unit with an option to purchase. Because the rented freezer was not large enough to hold the entire order, the parties agreed that the items would be stored by defendant and the vendee was to pick up a part of the order each week. The vendee was not able to pay the total purchase price, so he signed a note for the total amount and agreed to pay weekly installments when he picked up his order. As the vendee made his payments, defendant transmitted them to the lending institution to whom the note had been discounted.

The various items purchased were cut into portions suitable for the vendee's use and each portion was, after the purchase, separately wrapped but not marked as to weight or labeled. When delivery

was desired by the vendee, the small packages were put into cardboard boxes on the exterior of which were labeled the gross and net weight of the total contents as well as defendant's name and place of business.

The people maintain that this constituted misbranding under the provisions of CL 1948, § 289.83a, as amended by PA 1963, No 232 (Stat Ann 1965 Cum Supp § 12.874) which reads in pertinent part:

"An article shall be deemed to be misbranded within the meaning of this act:  *  *  *

"(5) *If in package form* every package, box * * * or other container does not bear the true net weight, excluding the wrapper or container, which shall be stated in terms of pounds, ounces and grains, or pounds and decimals or fractions thereof" (emphasis added),

and made the defendant guilty of violating section 1 of the act, being CL 1948, § 289.81 (Stat Ann 1958 Rev § 12.871), by having in his possession or offering for sale a misbranded article of food. The trial court so found. We do not agree.

The sale of the food here is not properly regarded as "in package form." The sale was made of food items in bulk form and the packaging after the sale was simply for the convenience of the purchaser.

There was no claim here that the purchaser did not get the proper bulk weight purchased. The complaint was that the packages were improperly or insufficiently marked.

We hold that the packaging provisions of this statute have no application to a sale in bulk of an unpackaged item, and the division of the item into packages after sale does not convert the sale into a package sale. Likewise we hold that the installment payment of the total purchase price has no

effect on the nature of the sale so as to convert a single sale into a series of sales.

Reversed.

LEVIN and VANDER WAL, JJ., concurred.